UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| QUADIRI AYODELE, | \* | CIV. 10-4100 |
| | \* | CR. 07-40055-1 |
| Petitioner, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

FILED AUG 0 9 2010

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Quadiri Ayodele has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court has conducted the preliminary review required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, and the Court has determined that the motion must be dismissed as untimely.

Quadiri Ayodele plead guilty to a violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced in August of 2008 to imprisonment of 240 months. Ayodele appealed to the Eighth Circuit Court of Appeals. On February 26, 2009, the Eighth Circuit granted Ayodele's motion to dismiss and dismissed Ayodele's appeal. On April 6, 2010, this Court amended Ayodele's judgment and reduced his sentence to 120 months after the Government had filed a motion under FED. R. CRIM. P. 35. Ayodele then filed this motion, which is dated July 25, 2010, and was filed August 5, 2010.

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In determining whether a motion under 28 U.S.C. § 2255 is timely, the Court focuses on the initial judgment of conviction. Modification of a sentence under Rule 35(b) does not extend the time for filing a § 2255 motion. *See Byers v. United States of America*, 561 F.3d 832, 836 (8th Cir. 2009). In construing § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari[1] contesting the appellate court's affirmation of the conviction. *See Clay v. United States*, 537 U.S. 522 (2003). Ayodele's § 2255 motion was not filed within one year of the date on which his judgment of conviction became final. Ayodele makes no claim that he was prevented from making a motion by governmental action. In addition, he does not claim a right that has been newly recognized by the Supreme Court, or that could not have been discovered earlier through the exercise of due diligence. According,

IT IS ORDERED that Quadiri Ayodele's § 2255 motion is dismissed as untimely.

Dated this 9th day of August, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schulte
DEPUTY

---

[1] Rule 13 of the Rules of the Supreme Court provides that a petition for certiorari be filed withing 90 days after entry of the judgment or order sought to be reviewed.

2